Schwartz, et al. *v.* Wright.

[No. 17,230.   Filed May 22, 1944.]

*Henry L. Humrichouser*, of South Bend, for appellants.

*Thomas Longfellow*, of Ft. Wayne, for appellee.

Flanagan, J.—This is an appeal from the Industrial Board. The only question presented is the sufficiency of the evidence to sustain its finding that appellee "has sustained a permanent partial impairment to the whole man to the extent of thirty percent."

The evidence pertinent to the involved question is as follows:

On October 25, 1940, appellee sustained a fracture of the first lumbar vertebra. As a result he was totally disabled until April 4, 1941. On April 7, 1941, he returned to work and has continued to work since. His work requires the lifting of metal onto trucks. Before

his injury he was able to do this without assistance and he worked from 60 to 100 hours per week, but since his injury he requires help and is unable to work as many hours. Heavy lifting now causes him pain; he has difficulty stooping over and can bend backward very little; and he has to rest after each lifting.

Appellee testified that he is "not now 75 percent of the man" that he was. The only doctor who was a witness testified, from an examination made five months before the hearing, that in his opinion appellee's impairment was 35 per cent to 40 per cent which will continue indefinitely; that the back will probably improve somewhat but is unlikely to heal to normal processes, and it is impossible to say what the condition will be when it arrives at a permanent stage; that his limitation of movement is due to posterior radiculitis or injury to the posterior nerve roots; that a compression fracture of a body of a vertebra indicates a violent injury always, a considerable amount of soft tissue damage in the vicinity is inevitable and invariable, and that damage is just as important as the damage to the bone; that there was an impingement of the nerves, that such a back injury invariably results in permanent irreparable damage; that this type of back injury is as unpredictable as any disability doctors are called upon to evaluate; that it is possible, but not probable, that the back will return to essentially normal in the passage of a good many months.

Appellants insist that in view of the opinion of the doctor that appellee's back will show some improvement with the passage of time and that the final result is unpredictable, the board cannot find (1) that appellee has suffered a permanent impairment, or (2) that appellee's impairment is 30 per cent.

We cannot agree with appellants' contentions.

While the doctor admitted the probability of some improvement, he stated that the impairment of 35 to 40 per cent which his examination disclosed would continue indefinitely. Along with this evidence the board had before it the testimony of appellee who described a condition which continued unchanged over the period of more than two years after he had returned to work. This included the period of five months between the time of the doctor's examination and the time of the hearing. We think the evidence was sufficient to sustain the finding of the board that the injured back had reached a permanent stage.

The doctor testified that appellee's disability was from 35 to 40 per cent and appellee himself testified that he was not 75 per cent the man he had been. This evidence sufficiently supports the finding of a 30 per cent disability.

Award affirmed with statutory increase of 5 per cent.

NOTE.—Reported in 54 N. E. (2d) 948.